IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV305-03-MU

| | |
|---|---|
| JUSTIN CLAY BEAVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ANTHONY HATHAWAY, Attorney ) | |
| General for the State of North Carolina, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Justin Beaver's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) filed September 19, 2007.

According to the Petition, on May 14, 2003, the Petitioner was convicted of two counts of second degree murder, one count of robbery with a dangerous weapon and one count of first degree kidnapping and was sentenced to 234 - 290 months on the murder counts, 189 - 236 months on the robbery count and 77 - 102 months on the kidnapping count. Petitioner did not directly appeal his conviction nor did he file any collateral relief motions in the state court. Instead, Petitioner filed the instant habeas petition in this Court on September 19, 2007 over four years after he entered his guilty plea.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act

1

("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Here, Petitioner was sentenced on May 14, 2003 and he did not file a direct appeal. Instead, Petitioner filed the instant habeas petition on September 19, 2007, four years after he was sentenced. Petitioner concedes that his petition is late under the AEDPA but argues that "procedural default excused under actual innocence exception." [1]

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given

The Fourth Circuit Court of Appeals has stated that equitable tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

Here it seems Petitioner is arguing that his procedural default is excused because he is claiming that he is actually innocent of the underlying state charges. Petitioner seems to be arguing that his new claim of actual innocence provides some kind of gateway for consideration of his otherwise time-barred habeas petition. Some courts recognize an "actual innocence" ground for equitable tolling of the one year period of 28 U.S.C. § 2244(d)(1).[2] However, in order to raise actual innocence, Petitioner must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. See Doe v. Menefee, 391 F.3d 147 (2nd Cir. 2004), cert. denied, 126 S. Ct 489 (2005); Souter v. Jones, 395 F.3d 577 (6th Cir. 2005). Here, there is no new evidence. Instead, Petitioner argues, for the first time, that the prosecutor never presented evidence of his guilt at Petitioner's plea hearing. Petitioner also argues that had his counsel given him better advice, he would have proceeded with a jury trial instead of pleading guilty. This does not qualify as new evidence nor does it suggest his innocence. Additionally, Petitioner provides no explanation as to why he could not raise this claim within the one year limitations period. In light of Petitioner's guilty plea, in which he admitted his guilt, and his

---

every opportunity to which he is entitled in this regard, and no further warning is required for him.

[2] However, this Court is not aware of any such authority in this Circuit.

failure to produce any new evidence demonstrating innocence or any evidence explaining why he could not present this claim within the limitations period, this Court declines to reach Petitioner's contention of actual innocence.  Moreover, there is no authority in this Circuit that supports Petitioner's contention that actual innocence should toll the one- year AEDPA limitation.

Petitioner's habeas petition is clearly untimely under the AEDPA in that it was filed more than four years after he was sentenced.  Therefore, as outlined above, the Petitioner's Writ of Habeas Corpus Petition must be <u>dismissed</u> as it is untimely under the AEDPA.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00.  After reviewing Petitioner's application to proceed <u>in forma pauperis</u>, the Court notes that there was no certified trust account statement attached to Petitioner request to proceed in forma pauperis.  However, Petitioner's application reflects that he has a job within the prison and that he receives $60.00 per month from his mother.  After reviewing the affidavit in support of the application to proceed <u>in forma pauperis</u>, the Court concludes that the Petitioner is able to pay the $5.00 filing fee.  Accordingly, his motion to proceed <u>in forma pauperis</u> is denied.  Petitioner is directed to pay the $5.00 filing fee within fifteen (15) days of the date of this Order.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**;

2) Petitioner's Motion to Proceed Without Prepayment of Fees is **DENIED**.

3) Petitioner is directed to pay the $5.00 filing fee within fifteen (15) days of the date of this Order.

**SO ORDERED**.

Signed: October 9, 2007

Graham C. Mullen
United States District Judge